UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                                )
                                )
UNITED STATES OF AMERICA,       )
                                )
                                )
        v.                      )   CRIMINAL ACTION
                                )   NO. 13-10314-WGY
MICHAEL EDWARDS,                )
                                )
                Defendant.      )
_____ )
```

MEMORANDUM AND ORDER

YOUNG, D.J.                                    May 16, 2014

## I.   INTRODUCTION

Edward Tawa ("Tawa") is a former client of tax
preparer Michael Edwards ("Edwards"), who pled guilty
before this Court to charges of wire fraud and the corrupt
endeavor to obstruct the Internal Revenue Service.
Adopting the government's recommendation, this Court
sentenced Edwards to three years of incarceration and
$141,129.36 restitution as to the wire fraud charge.  Tawa
moves for additional restitution to cover his attorneys'
fees and costs, accountants' fees, and prejudgment
interest.  After careful consideration of the briefs
submitted by the parties, the Court has calculated the
award of additional restitution as permitted under the

Mandatory Victims Restitution Act of 1996 ("MVRA") and explains its determination in this memorandum.  See 18 U.S.C. § 3663A.

**A.  Procedural History**

**1.  State Court Civil Action**

On August 29, 2011, Tawa filed a civil lawsuit ("Civil Action") against Edwards in the Massachusetts Superior Court sitting in and for the County of Suffolk, for violations of Massachusetts General Laws Chapter 93A, Negligent Misrepresentation, Fraud, Breach of Contract, Breach of Fiduciary Duty, and Negligence.  Def. Michael Edwards' Opp. Edward Tawa's Mem. Requesting Add'l Restitution ("Edwards' Opp.") 2, ECF No. 21.  Edwards served as Tawa's tax preparer from 1995 until 2011, when Tawa brought malpractice claims against Edwards with respect to Edwards' mishandling of a Massachusetts Department of Revenue ("DOR") audit and adverse domicile determination in 2010.  Edward Tawa's Am. Mem. Regarding Calculation Restitution Pursuant 18 U.S.C. § 3663A-3664 ("Tawa Mem."), Ex. A, Victim Impact Statement, ECF No. 16.

On October 30, 2012, Tawa filed an amended complaint upon learning that Edwards was being investigated by the government for misappropriating Tawa's 2006 tax refund check.  Edwards' Opp. 2.  This amended complaint included a

2

conversion claim alleging that Edwards stole Tawa's 2006 federal tax refund in the amount of $202,143, and that Edwards had also forged Tawa's signature on this filed tax return. Tawa Mem., Ex. B: Civil Compl., First Amended Compl. ¶¶ 67-73, ECF No. 16-2.

A related complaint ("Transferee Action") was filed by Tawa on April 23, 2013, against multiple parties who had received portions of Tawa's stolen tax refund check. Tawa Mem., Verified Compl., Ex. D, ECF No. 16-6. These parties included Edwards' daughter, parents, and various entities Edwards' controlled or in which he held an interest. Id.

On December 2, 2013, the parties settled the pending civil actions in an agreement in which Edwards agreed to an entry of judgment in the amount of $600,000 on Count III (Fraud) of the amended complaint. Edwards' Opp. 3; Settlement Agreement, ECF No. 23 (filed under seal). This agreement included two forms of immediate payment to Tawa; first, cash and securities in the amounts of $46,977.14, $14,000, and $36.50 (totaling $61,013.64), and second, in the delivery of two deeds on property held by Edwards, in which the "greater of $150,000 or the net proceeds from the sale" was to be credited towards the judgment. Settlement Agreement ¶¶ 4-6; Edwards' Opp. 3. Tawa agreed to dismiss the pending Civil Action and Transferee Action and "credit

any funds recovered pursuant to any restitution order entered against Edwards in the criminal matter entitled United States v. Michael Edwards" towards this judgment. Settlement Agreement ¶¶ 1, 8.

## 2. District Court Criminal Matter

On October 31, 2013, criminal charges were entered against Edwards in this court. Information, ECF No. 1. Edwards was charged with the Corrupt Endeavor to Obstruct the Internal Revenue Service (Count 1) and with Wire Fraud (Count 2). Id. On Count 2, the government alleged that Edwards, operating as Boston Financial Associates ("Boston Financial"), prepared and filed a tax return for Tawa and fraudulently inserted Boston Financial's mailing address to receive Tawa's 2006 tax refund. Id. ¶ 4. Upon receiving Tawa's tax refund, Edwards deposited this check into Boston Financial's bank account and wire transferred approximately $23,000 from this account to the operating account of a Rhode Island restaurant in which he had invested. Id. ¶ 6.

Edwards pled guilty to both counts and entered into a plea agreement with the government in which it agreed to recommend a sentence of thirty-three months incarceration, restitution of $573,518 on Count 1 to the IRS, and restitution of $202,143 on Count 2 to Tawa, reflecting the

amount of the misappropriated tax refund check.  Plea
Agreement, ECF No. 2; Edwards' Opp. 4.

On February 24, 2014, this Court accepted Edwards'
guilty plea and sentenced Edwards to a three-year term of
incarceration on each count, to run concurrently, and
accepted Probation's recommendation for restitution in the
amounts of $573,518 to the IRS and $141,129.36 to the
victim, reserving the right to amend the order of
restitution within ninety days.  Elec. Clerk's Notes, Feb.
24, 2014, ECF No. 15 (reflecting the amount of the
misappropriated refund check less the amount already
received by Tawa from civil settlement).  In response to
Tawa's request for additional restitution at sentencing,
the Court requested additional briefing from the parties.

### B.    Factual Background

Tawa relies heavily on the chronology of relevant
facts to support his argument for additional restitution.
Tawa is a current resident of Las Vegas, Nevada, who during
the relevant period, was a trader on the stock exchange.
First Amended Compl. ¶ 2.  Edwards was in the business of
tax preparation (operating as Boston Financial) and had
handled Tawa's taxes for over fifteen years.  Id. ¶ 4-5.
On October 14, 2008, Edwards filed Tawa's U.S. Individual
Income Tax Return for the calendar year 2006, but placed

Boston Financial's mailing address on the tax return. Plea
Agreement 11. In February 2009, Edwards received Tawa's
tax refund check and deposited it into Boston Financial's
bank account. Id. On May 28, 2009, the Massachusetts
Department of Revenue ("DOR") sent a notification of audit
to Tawa in the care of Edwards, who was authorized by Tawa
to serve as his tax representative. First Amended Compl.
¶¶ 7-8. The purpose of this audit was to determine Tawa's
domicile for the tax period of 2005-2007, during which he
filed Massachusetts Nonresident returns (noting that Nevada
has no personal income tax, while Massachusetts does). Id.
¶ 10; Tawa Mem., Ex. B: Civil Compl., Notification of Audit
26, ECF No. 16-2. The DOR also requested that Tawa
complete a domicile questionnaire. Id. Edwards failed to
respond to this audit notification, as well as to following
notices from the DOR, including a July 2009 follow-up
letter, a September 2009 Notice of Intention to Assess, and
a February 2010 Notice of Assessment charging Tawa with a
tax liability of $153,627.77, citing Tawa's failure to
provide documentation of his new domicile in Nevada. First
Amended Compl. ¶¶ 17, 20, 24; Notification of Audit 28. On
May 11, 2010, the DOR issued a notice levying $157,677.59
of Tawa's personal funds. First Amended Compl. ¶ 29.
Meanwhile, from May 2009 to May 2011, Edwards assured Tawa

that he had the necessary documents to provide to the DOR to handle this domiciliary issue.  <u>Id.</u> ¶¶ 16, 27.

Tawa was unaware that Edwards had misappropriated his tax refund check when he brought his initial claims against Edwards in August 2011, and did not find out until he was contacted by the FBI in regards to the theft in October 2012.  Victim Impact Statement 1; Edwards' Opp. 2.  Tawa believes that Edwards' inaction in regards to the repeated notices from the DOR was deliberate in an effort to conceal the tax refund theft from both Tawa and the DOR.  Victim Impact Statement 1.

The criminal charges against Edwards are limited to the scheme to defraud under 18 U.S.C. § 1341 and do not include Edwards' actions relating to the DOR audit.  Plea Agreement 1; Statement of Facts 1.

### C. Legal Standard

Restitution is "a mechanism for making a victim whole by restoring the monetary equivalent of losses suffered in consequence of the defendant's criminal activity."  <u>United States</u> v. <u>Salas-Fernandez</u>, 620 F.3d 45, 48 (1st Cir. 2010).  Under 18 U.S.C. § 3663A(a)(1), the courts have discretion to order restitution "in addition to or in lieu of, any other penalty authorized by law" to the victim of the offense.  The First Circuit has held that "sentencing

7

courts wield considerable discretion 'to reach an expeditious, reasonable determination of appropriate restitution by resolving uncertainties with a view toward achieving fairness to the victim.'" United States v. Corey, 77 F. App'x 7, 10 (1st Cir. 2003) (citing S.Rep. No. 97-532).

Under 18 U.S.C.A. §3664(d)(5), a court can determine a victim's losses after sentencing in an amended restitution order. Restitution orders are not subject to the economic circumstances of the defendant and are given in the "full amount of each victim's losses" under the Mandatory Victims Restitution Act of 1996 ("MVRA"). 18 U.S.C. § 3664(f)(1)(A); see also Brian Kleinhaus, "Serving Two Masters: Evaluating the Criminal or Civil Nature of the VWPA and MVRA Through the Lens of the Ex Post Facto Clause, the Abatement Doctrine, and the Sixth Amendment," 73 Fordham L. Rev. 2711, 2712 (2005).

The "American Rule" provides that a prevailing litigant is "ordinarily not entitled to collect a reasonable attorneys' fee from the loser." Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240, 247 (1975). The MVRA, however, provides restitution to the victim of an offense "for lost income and necessary child care, transportation, and other expenses incurred during

participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense."  18 U.S.C. § 3663A(b)(4).  The First Circuit in United States v. Janosko, 642 F.3d 40 (1st Cir. 2011) elaborated on these "other expenses":

> While "expenses" qualifying for restitution are not unlimited, like the notion of response under § 1030(e)(11), they will pass muster if they would not have been incurred in the absence of the offense, Hughey v. United States, 495 U.S. 411, 416–18, 110 S.Ct. 1979, 109 L.Ed.2d 408 (1990); United States v. Cutter, 313 F.3d 1, 7 (1st Cir. 2002), were "not too attenuated" in fact or time from the crime, United States v. Vaknin, 112 F.3d 579, 590 (1st Cir. 1997), abrogated on other grounds by United States v. Anonymous Defendant, 629 F.3d 68 (1st Cir. 2010), and were reasonably foreseeable, United States v. Collins, 209 F.3d, 1, 3–4 (1st Cir. 1999).

Id. at 42.  Understanding that the criminal offense in this case is the wire fraud, where Edwards fraudulently inserted his own address to receive Tawa's tax refund and deposited the refund into his own bank account, this Court must analyze whether Tawa's additional fees arose from either the investigation or prosecution of this offense, and were sufficiently caused by and related to the offense as outlined under Janosko.  See Information 3.

Although prejudgment interest is not mentioned in the MVRA, courts have included prejudgment interest in restitution orders in an effort to ensure that victims are

compensated in the "full amount of each victim's losses." United States v. Qurashi, 634 F.3d 699, 704 (2d Cir. 2011). For example, the First Circuit allowed for restitution of prejudgment interest in a bank fraud case, stating that "foregone interest is one aspect of the victim's actual loss." United States v. Corey, 77 Fed. Appx 7, 12 (1st Cir. 2007) (quoting United States v. Smith, 944 F.2d 618, 626 (9th Cir. 1991)). These awards, however, should be rooted in "actual damages" directly resulting from the defendant's criminal conduct. United States v. Barany, 884 F.2d 1255, 1261 (9th Cir. 1989) (interpreting the precursor statute to the MVRA, the Victims Witness and Protection Act of 1982 or "VWPA").

## II.  ADDITIONAL RESTITUTION

### A.  Tawa's Motion for Additional Restitution

Tawa seeks an increase in restitution from the Court's amount of $141,129.36 to $485.599.68. Tawa Mem. 1. The Court's award, adopting Probation's recommendation, represents the amount of the misappropriated tax refund check, $202,143, less the amount of cash that had already been paid to Tawa in the civil settlement, $61,013.64. Id. at 4; Settlement Agreement ¶¶ 4-6. Tawa argues first, that the starting figure of $202,143 is too low and the offset

of cash paid is too high, and second, that he is entitled to attorneys' fees and costs, accountants' fees, and prejudgment interest under Section 3663A .  Tawa Mem. 4.

Tawa's request may be outlined as follows: Pursuant to the civil settlement, Tawa agreed to an entry of judgment amounting to $600,000.  Tawa Mem. 3.  This agreement spelled out an initial payment of $61,013.64 and the delivery of two real estate deeds to Tawa (taking the greater of the net proceeds from sale or $150,000).  Id. Tawa requests the following additional restitution amounts:

- Prejudgment interest (2.5% for 5 years)= $26,000
- Attorneys' fees= $243,011.87
- Accountants' fees= $14,444
- TOTAL ADDITIONAL RESTITUTION= **$283.455.87**
- COMBINED TOTAL RESTITUTION AMOUNT= $**485,599.68**

Edwards opposes this motion for additional restitution, arguing that any additional recovery is limited by statute to "necessary . . . expenses incurred during participation in the investigation or prosecution of the offense."  18 U.S.C.A. § 3663A(b)(4); Edwards' Opp. 6. Arguing that Tawa failed to prove how his attorneys' fees, accountants' fees, and prejudgment interest were related to the prosecution of the criminal offense, Edwards maintains that these additional fees are "too remote" from the

criminal conduct to serve as a basis of restitution. Id. at 7. With the exception of some of Tawa's attorneys' fees, this Court comes to the conclusion that the additional requested fees cannot be awarded as mandatory victim restitution.

### B. Attorneys' Fees and Costs

#### 1. Fees Attributed to Edwards' Criminal Case

Generally, a prevailing litigant is responsible for its own reasonable attorneys' fee, Alyeska Pipeline Service Co., 421 U.S. at 247, but the MVRA provides restitution for expenses incurred by the victim "during participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense." 18 U.S.C. § 3663A(b)(4). Although Tawa was not a party to the criminal action brought against Edwards, he argues that his attorney "assist[ed] the United States Attorney in the investigation of Edwards and with grand jury testimony." Tawa Mem., Ex. C, Amended Affidavit Attys' Fees & Costs Counsel Edward G. Tawa ("Amended Affidavit") ¶ 3, ECF No. 16-4.

Looking to the submission of attorneys' fees and costs, Tawa Mem., Ex. C-Ex. 1, Billable Time Sliplisting ("Time"), ECF No. 16-6, various services between October 2012 and February 2014 can be readily attributed to legal

services pertaining to the criminal prosecution and investigation. Time 14-53. The earliest item is from October 10, 2012, billing 0.1 hours for an email sent to the FBI, and seems to correspond with the period Tawa first learned Edwards was under criminal investigation for the stolen tax refund. Id. at 14. Following items show that Tawa was billed for preparations for a grand jury proceeding, meetings with investigators and the prosecutor, and for emails with the U.S. Attorney. Id. at 19. Tawa continued to be billed for correspondence with U.S. attorneys and investigators, and for preparation in regards to Edwards' ongoing criminal matter through February 2014. Id. at 53 (including emails with the Department of Justice, the U.S. attorneys, and Probation regarding restitution and probation). This submission of fees makes it clear that Tawa's counsel provided continuing assistance, or at least cooperation, with the U.S. attorneys in their criminal prosecution of Edwards before this Court beginning with the FBI investigation in October 2012 through sentencing in February 2014. Finding that these services fall under Section 3663A(b)(4), covering the expenses incurred during "participation" in the prosecution and investigation, the Court will award restitution to these attorneys' fees

directly arising from work done on Edwards' criminal investigation and prosecution.[1]

The Court here notes that it was presented with a billing list that was not categorized as to whether the services were directed to civil or criminal matters, although all services were properly documented and no issue of block billing exists. See Time. In calculating additional attorneys' fees, the Court relied on the individual descriptions for the billing items to identify the hours directly related to the criminal prosecution (highlighting those services noting correspondence with parties such as the U.S. attorneys and the FBI for example). This Court has separately compiled and calculated these fees, totaling 15.1 hours and $5662.50, and has attached the compilation below as Appendix A.

## 2. Remaining Fees From Civil Litigation

As for the remaining attorneys' fees and costs, including legal services for completing a domicile audit with the Massachusetts DOR, litigating the civil lawsuit,

---

[1] The six billing items between January 10, 2014 and February 24, 2014 were marked by counsel as "WIP" or "work in progress." This Court assumes that these items have yet to billed to Tawa, but expects that in the ordinary course of business, counsel will bill these services at the same hourly rate of $375 to Tawa. These items are included in the final calculation of additional attorneys' fees in Appendix A.

and working with accountants to "ascertain, correct and complete" Tawa's tax returns, Tawa seeks the entirety of his legal fees, or at least one-half of his attorneys' fees and all of his costs under additional restitution (arising as a "direct result" of Edwards' conduct). Tawa Mem. 6; Amended Affidavit ¶ 5 ("Pursuant to the Victim Impact Statement submitted by Tawa, approximately one-half of the legal fees and expenses incurred are the foreseeable and direct result of Edwards' theft. The other one-half would have been incurred but for Edwards' theft.").

The First Circuit in Janosko established a three-part test qualifying the meaning of "other expenses" under Section 3663A(b)(4). 642 F.3d at 42. Under this standard, a court must analyze whether the fees at issue: (1) would not have been incurred absent the criminal offense; (2) were not too remote in fact or time from the criminal offense; and (3) were reasonably foreseeable. Id.

Tawa argues that "but for" Edwards' theft of his 2006 tax refund check, "none of the other misdeeds and inaction would have followed," triggering the civil lawsuit relating to the DOR audit. Tawa Mem. 6. Therefore, he argues, his legal fees from the civil litigation are eligible for restitution, because they arose from Edwards' initial theft of the refund check. Amended Affidavit ¶ 3 ("Moreover, due

to Edwards' efforts to mask his theft and hide his assets, Edwards caused the fees to be significantly higher than they would have been."). The chronology of events outlines this theory: Edwards filed Tawa's tax return in October 2008, deposited Tawa's refund check in February 2009, and ignored all DOR notices that began arriving in May 2009. First Amended Compl. ¶¶ 7, 13, 17, 20, 24, 29, 67-73.

Edwards opposes this argument and points out that Tawa is trying to claim fees and costs from "before [he] was even aware that there was a criminal investigation," and that Tawa failed to demonstrate how his expenses were either incurred in assistance of the prosecution or arose but for the criminal offense. Edwards' Opp. 6 (estimating that $60,000 in fees was incurred after Edwards pled guilty). While the lack of knowledge of the criminal investigation ought not foreclose restitution, this Court agrees that Tawa was unable to demonstrate how his civil litigation fees were incurred "to advance the investigation or prosecution of the offense." United States v. Maynard, 743 F.3d 374, 381 (2d Cir. 2014).

The first prong is a "but for" test, in which the Court must accept that the DOR-related civil litigation would not have occurred absent the criminal offense, namely, the tax refund fraud. Looking to the statement of

facts from the Plea Agreement, Edwards was found to have stolen tax refund checks not only from Tawa, but also another client, "J.W" and his corporation "N.G.". Statement of Facts 11-12; Information 1-2. Similar to Tawa's case, Edwards attempted to mislead an IRS auditor in regards to the discrepancies in J.W.'s reported income. Statement of Facts 12. Seeing how Edwards attempted to "cover-up" both the J.W. and Tawa thefts to the IRS and DOR, Tawa's theory has some basis here; why else would Edwards go through such great lengths to avoid or deceive auditors? Victim Impact Statement. While the Court can draw a <u>correlation</u> between the tax refund theft and the "cover up" attempt leading to malpractice and fraud litigation in the civil sphere, the evidence is lacking in establishing a <u>"but for"</u> causal connection between the two acts. It is equally plausible to the Court that Edwards' misconduct and fraud relating to the DOR audit would have occurred regardless of Edwards having misappropriated Tawa's refund check. For this reason, the Court cannot conclude that the civil litigation fees would not have been incurred in the absence of the crime. See <u>Janosko</u>, 642 F.3d at 42; <u>citing to</u> <u>Hughey</u> v. <u>United States</u>, 495 U.S. 411, 416-18 (1990).

While Tawa's decision to initiate a civil lawsuit and pursue legal remedies was a reasonable and foreseeable event in light of the injuries he incurred, Tawa is unable to support how the civil lawsuit and resulting attorneys' fees were an extended result of Edwards' initial tax refund theft.  Given the discovery in the civil lawsuit, the Court concludes that, had any further documentation existed which would have assisted in determining a "but for" nexus for restitution purposes, Amended Affidavit ¶ 3, Tawa would have submitted it.  Without proof as to how he incurred fees by participating in the criminal prosecution, Tawa is limited to the general rule which states that prevailing litigants are responsible for their own reasonable attorneys' fees.  <u>Alyeska Pipeline Service Co.</u>, 421 U.S. at 247.  Finally, this Court makes its determination in light of the fact that Tawa settled his civil lawsuit with Edwards and has already received funds going towards the $600,000 judgment in his favor.  By settling, Tawa compromised his opportunity to seek full damages, and he cannot try to recoup the difference through a restitution order from the district court.  His damages will be limited to the amount of $5662.50, detailed in Appendix A.

**C.  Accountants' Fees**

Accountants' fees have been awarded by courts as part of mandatory restitution under Section 3663A(b)(4). <u>See</u> <u>United States</u> v. <u>Stennis-Williams</u>, 557 F.3d 927, 930 (8th Cir. 2009) (affirming accountants' fees incurred by a victim's estate in investigating fraudulent conduct); <u>followed by</u> <u>United States</u> v. <u>Elson</u>, 577 F.3d 713, 728 (6th Cir. 2009). Especially in the context of tax fraud, accountants' fees are a reasonable and foreseeable cost incurred by victims of the criminal offense. <u>See</u> <u>Corey</u>, 77 F. App'x 7 at 10 ("[w]here there is fraud, then, the concept of loss comprehends all reasonably foreseeable injuries 'sustained by [the] victim as a result of the underlying offense.'").

Here, Tawa provides several invoices, totaling $14,444, for the accountants' fees he seeks. Tawa Mem. 6; Tawa Mem., Ex. F, Sharkansky Invoice, ECF No. 16-15. The earliest invoice, dated September 15, 2011 and stating a balance of $9568, was for preparing Tawa's personal tax returns for the years 2008-2010, and for ordering transcripts from the IRS to "research history, review capital loss versus ordinary loss on tax filings and other miscellaneous services." Sharkansky Invoice 14. Tawa fails to describe in his briefing how these services were either utilized in assisting the prosecution after criminal

charges were brought in 2013, or how it arose directly from Edwards' crime.  It is also unclear whether Tawa's 2008-2010 tax returns were already filed by Edwards and needed to be redone, or whether Tawa was simply using a new accountant as a result of having broken off his professional relationship with Edwards.  Further, there is no mention that these tax services were utilized by the U.S. attorneys in their 2013 criminal case against Edwards.

These same issues exist for the remaining invoices.  A billing item dated November 15, 2011 states a balance of $1411 for having "finalize[d]" the 2008-2010 tax filings, which the Court is unable to link to either litigation or the theft of the 2006 tax refund.  Sharkansky Invoice 13.  The final invoice, dated October 23, 2012, dated one week prior to Tawa filing his amended complaint in state court, was for: the preparation of his 2011 personal tax returns, calculating the effect of not reporting as a trader in previous tax periods, and for "assistance with installment plan."  Id. at 12.  Again, it is unclear how the 2011 tax return costs or "assistance with installment plan" can be attributed to the criminal offense or to assistance in the prosecution.  As for "calculating the effect of not reporting as a trader," the Court can only guess that this cost was incurred as a result of Edwards having

mischaracterized Tawa as a non-trader on his 2006 tax
return.  Victim Impact Statement 3.  According to the
Victim Impact Statement, Tawa claims this misreporting
caused him to lose an additional $200,000 in federal tax
refunds from "loss carrybacks" that would have otherwise
been available to him.  Id.  This service, amounting to
$1785.00, cannot be awarded to Tawa for the same reasons
stated above.  First, Tawa is unable to link this cost to
the criminal prosecution, which was for wire fraud and not
the misreporting, and second, he does not provide the
calculations or IRS formulas utilized in estimating his
additional losses.  Without the necessary foundation, the
Court is unable to analyze these accountants' fees and
therefore, will not award accountants' fees under
additional restitution.

> **D.  Prejudgment Interest**

The Second Circuit in Qurashi held that, "the MVRA
allows a sentencing court to award prejudgment interest in
a criminal restitution order to ensure compensation 'in the
full amount of each victim's losses.'"  634 F.3d at 704
(citing 18 U.S.C. § 3664(f)(1)(A)).  This Court agrees,
finding that "foregone interest" can be a significant and
reasonable aspect of a victim's loss.  Corey, 77 Fed.
App'x. at 12 (noting that although the MVRA is silent on

prejudgment interest, courts should allow for its recovery in the spirit of allowing victims to have "full and fair compensation.").

Here, Tawa seeks $26,000.00 in prejudgment interest, a sum which was calculated at 2.5 percent interest for a period of five years. Tawa Mem. 6. The only explanation for this amount is found in Tawa's Victim Impact Statement, where he asserts that "I would have been entitled to receive interest from the IRS of approximately $26,000" in the form of "lost overpayment interest." Victim Impact Statement 3. While the IRS does provide overpayment interest, see 26 C.F.R. § 301.6611-1, Tawa fails to point to any authority providing the 2.5 percent interest rate and no explanation is given as to the selection of the five-year period. The seemingly arbitrary nature of this requested amount precludes the Court from making a proper determination of prejudgment interest here. Therefore, no prejudgment interest shall be awarded to Tawa.

### E. Other Requests

Tawa asks the Court that his restitution order not be offset by the $61,013.64 already collected in cash from the civil settlement. Tawa Mem. 6. According to the MVRA, as well as Tawa and Edwards' civil settlement agreement however, "any amount paid to a victim under an order of

restitution shall be reduced by any amount later recovered as compensatory damages for the same loss." 18 U.S.C. §3664(j)(2) (preventing double recovery by victims). Tawa cannot utilize this criminal restitution order to alter the terms of his settlement agreement, which directed him to "credit any funds recovered pursuant to any restitution order entered against Edwards in the criminal matter entitled <u>United States v. Michael Edwards</u>" towards this judgment. Settlement Agreement ¶¶ 1, 8; Edwards' Opp. 3. This Court is "clearly without authority" to award fees and costs in a "wholly separate civil suit" from state court, and will not do so here. <u>Barany</u>, 884 F.2d at 1261.

Tawa also asks that the restitution order not be reduced by these amounts collected "because the tools available to enforce a restitution order are different than the tools available to enforce the Judgment." Tawa Mem. 8. This argument is not persuasive, especially considering that Tawa was able to get prejudgment "trustee process attachments" of Edwards' bank accounts and has already received the deeds to real estate to be sold towards his recovery. Settlement Agreement ¶¶ 4-7; Edwards' Opp. 3. As it did in the original restitution order, this Court will credit from the amount already paid to Tawa in the form of cash, which currently totals $61,013.64.

## III. CONCLUSION

This Court AWARDS $5662.50 in additional attorneys' fees that arise from Tawa's counsel's participation in the criminal prosecution of wire fraud charges against Edwards that took place before this Court. This Court will not award any accountants' fees and prejudgment interest to Tawa. Adding attorneys' fees of $5662.50 to the original award of $141,129.36 (reflecting the amount of the misappropriated check less the amount of cash credited from the civil settlement) results in a new restitution award to Tawa in the amount of **$146,791.86**.

**SO ORDERED.**

/s/ William G. Young
WILLIAM G. YOUNG
DISTRICT JUDGE

**APPENDIX A**

**ADDITIONAL ATTORNEYS' FEES**

| Time (hours) | Rate | Slip Value | Date |
|---|---|---|---|
| 0.1 | $375 | $37.50 | 10/10/2012 |
| 0.8 | $375 | $300 | 10/15/2012 |
| 4.7 | $375 | $1,762.50 | 11/8/2012 |
| 0.3 | $375 | $112.50 | 12/19/2012 |
| 0.1 | $375 | $37.50 | 1/3/2012 |
| 0.3 | $375 | $112.50 | 1/7/2012 |
| 0.2 | $375 | $75 | 1/30/2013 |
| 0.1 | $375 | $37.50 | 2/26/2013 |
| 0.1 | $375 | $37.50 | 3/12/2013 |
| 0.1 | $375 | $37.50 | 4/16/2013 |
| 0.2 | $375 | $75 | 4/30/2013 |
| 0.1 | $375 | $37.50 | 5/20/2013 |
| 0.2 | $375 | $75 | 6/6/2013 |
| 0.1 | $375 | $37.50 | 8/19/2013 |
| 0.2 | $375 | $75 | 9/19/2013 |
| 0.1 | $375 | $37.50 | 10/15/2013 |
| 0.2 | $375 | $75 | 11/11/2013 |
| 0.1 | $375 | $37.50 | 11/12/2013 |
| 0.4 | $375 | $150 | 11/13/2013 |
| 0.3 | $375 | $112.50 | 11/18/2013 |
| 0.8 | $375 | $300 | 11/18/2013 |
| 0.2 | $375 | $75 | 12/4/2013 |
| 0.3* | $375 | $112.50 | 1/10/2014 |
| 0.1* | $375 | $37.50 | 1/21/2014 |
| 0.3* | $375 | $112.50 | 2/7/2014 |
| 0.4* | $375 | $150 | 2/13/2014 |
| 0.1* | $375 | $37.50 | 2/20/2014 |
| 4.2* | $375 | $1,575 | 2/24/2014 |
| **TOTAL HOURS:** 15.1 | | **TOTAL AWARD:** $5,662.50 | |

*indicating time not yet billed to the client